| | |
|---|---|
| 1 | GEORGE W. NOWELL (SBN: 83868) |
|   | george.nowell@nowelllaw.com |
| 2 | PAUL B. ARENAS (SBN: 167863) |
|   | paul.arenas@nowelllaw.com |
| 3 | JOHN H. CIGAVIC III (SBN: 231806) |
|   | john.cigavic@nowelllaw.com |
| 4 | **LAW OFFICES OF GEORGE W. NOWELL** |
|   | 120 Montgomery Street, Suite 1990 |
| 5 | San Francisco, CA 94104 |
|   | Telephone: (415) 362-1333 |
| 6 | Facsimile: (415) 362-1344 |
|   | Attorneys for JERICO PRODUCTS, INC. |
| 7 | and LIND MARINE, INC. |

E-filing

## THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

IN RE COMPLAINT OF JERICO PRODUCTS, INC. and LIND MARINE, INC. AS OWNERS AND/OR OPERATORS OF THE TUG PETALUMA HER ENGINES, TACKLE, APPURTENANCES, AND THE BARGE 201 (J5200), IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

  Petitioner,

v.

CALIFORNIA DEPARTMENT OF TRANSPORTATION,

  Claimant.

CASE NO.: CV 07 6175 BZ

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY UNDER 46 USC 30501 et seq.**

IN ADMIRALTY (FRCivP SUPP F)

COME NOW PETITIONERS JERICO PRODUCTS, INC. AND LIND MARINE, INC. (collectively "petitioners") in this cause of exoneration from or limitation of liability, civil and maritime, and avers as follows:

**JURISDICTION**

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure (FRCivP).

2. This complaint is filed within six (6) months after the date of the allision of June 3, 2007 as more fully set out herein and within six months of receipt of any Claim in writing.

---

1

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY UNDER 46 USC 30501 et seq.

P112807-1773

## VENUE

3. Venue is proper in this jurisdiction and in this division because the vessel may be found in this district and the incident giving rise to this complaint occurred in Napa County, California.

## PARTIES

4. Petitioner JERICO PRODUCTS, INC. was at all times material to this action and is now a California corporation having its principal place of business in Petaluma, California.

5. Petitioner LIND MARINE, INC. was at all times material to this action a Washington corporation having offices and doing business within the jurisdiction of this Court.

6. LIND MARINE, INC. is the sole owner of the TUG PETALUMA (Official Number 508762) and BARGE 201 (J5200) (Official Number 503918).

7. JERICO PRODUCTS, INC. is the bare boat charterer and operator of the TUG PETALUMA and BARGE 201 (J5200).

8. Claimant California Department of Transportation ("CALTRANS") is a governmental division of the State of California.

9. On June 3, 2007, at 0550, the TUG PETALUMA was pushing lightened BARGE 201 (J5200) on a voyage from the Syar docks to Broad Slough approaching the Highway 37 Napa Bridge deep-water channel when an anchored sailing vessel obstructing the channel forced the tug to maneuver against an ebb tide, causing the port side bow of the lightened BARGE to allide with the eastern side channel downriver fender damaging approximately 60 feet of the fender system. Neither the TUG PETALUMA nor the BARGE 201 (5200) sustained any damage as a result of the allision. No injuries were sustained as a result of the incident.

10. Petitioners used due diligence to make the TUG PETALUMA and BARGE 201 (J5200) seaworthy and at all pertinent times said vessels were tight, staunch, strong, fully manned, equipped, and supplied and in all respects seaworthy and fit for service in which she was engaged.

11. At all relevant times the TUG PETALUMA was under the command of a competent and experienced master, was fully manned by competent licensed officers and

1   unlicensed personnel, and was operated in full compliance with prudent seamanship and the
2   International Rules of the Road and did not violate any statutory or regulatory provisions

3       12.     The TUG PETALUMA and BARGE 201 (J5200) are now and will be during the
4   pendency of this cause, afloat in the waters of the San Francisco Bay and within the territorial
5   limits of this Honorable Court.

6       13.     The foregoing damages to the Napa Bridge fendering were not caused or
7   contributed to by any fault, negligence, or lack of care on the part of petitioners or the TUG
8   PETALUMA and BARGE 201 (J5200), her/their owners, operators, officers, crew or others for
9   whom petitioners was or are responsible; rather, were caused by the fault, negligence, and lack of
10  care of other parties.

11      14.     Petitioners deny that they or the TUG PETALUMA and BARGE 201 (J5200) or
12  any persons or property for whom they may be held responsible are liable to any extent in the
13  premises and in that regard petitioners claim exoneration for liability for all claims, damages and
14  destruction done, occasioned, or incurred by any reason of the foregoing matters. In the
15  alternative and without admitting liability, petitioners aver that in the event they should be held
16  responsible to any party by reasons of the foregoing matters, petitioners, the TUG PETALUMA
17  and BARGE 201 (J5200) claim the benefit of limitation of liability as provided for in The
18  Limitation of Liability Act of 1851(and as amended), 46 U.S.C. 30501 et seq. (formerly 46
19  U.S.C.S. App. § 181 et seq.).

20      15.     All of the losses, damages and destruction resulting from the foregoing incident
21  were done, occasioned, and incurred without fault on the part of petitioners and without their
22  privity or knowledge.

23      16.     Petitioners are unaware of any claims currently pending against them. Petitioners
24  are informed and believe that CALTRANS has budgeted approximately $1,780,000 for repairs to
25  the bridge fendering system.

26      17.     The market value of the TUG PETALUMA was and the value of petitioners'
27  interest in the vessel did not exceed the sum of $631,000. No freight was pending at the time of
28  the incident.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

18. The market value of the BARGE 201 (J5200) was and the value of petitioners' interest in the vessel did not exceed the sum of $547,000. No freight was pending at the time of the incident.

19. Petitioners have filed herewith an Ad Interim Stipulation in appropriate form, with a Letter of Undertaking from INTERNATIONAL MARINE UNDERWRITERS as security for the amount of Petitioners' interest in the TUG PETALUMA and BARGE 201 (J5200) at the close of the above described voyage, together with interest at a rate provided by law of 6% from the date of said Stipulation and for costs. In addition, petitioners are prepared to give a Bond or Stipulation for any amount in excess of or less than the amounts indicated in the Ad Interim Stipulation as may be ascertained and determined to be necessary under Order of this Court, as provided by the Laws of the United States and the Federal Rules of Civil Procedure.

16. Petitioners are unaware of the existence of any demands, unsatisfied liens or claims of liens either in contract or in tort against either the TUG PETALUMA or the BARGE 201 (J5200), nor of any suits pending thereon  Neither vessel has been sued in rem as far as known by petitioners.

**PRAYER**

WHEREFORE petitioners JERICO PRODUCTS, INC. and LIND MARINE, INC. pray:

1. That this Court cause due appraisement to be made of the amount of value of petitioners' interest in the TUG PETALUMA and/or BARGE 201 (J5200) at the conclusion of the voyage upon which she was engaged at the time of the incident herein described including a legal determination of whether one or both vessels is required to be included within the limitation fund.

2. That the Court approve petitioner's Ad Interim Stipulation and Letter of Undertaking in the total amount of $1,179,000 which represents (a) the value of the TUG PETALUMA and BARGE 201(J5200), and (b) petitioners' statutory obligation to give costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure and Rule 5-1 of the Local Admiralty Rules. ($631,000 for TUG PETALUMA + $547,000 FOR BARGE 201 (J5200) + $1,000 for Costs per LR Admir. 5-1 = $1,179,000)

4
COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY UNDER 46 USC 30501 et seq.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P112807-1773

3. That on filing of the stipulation, the Court issue a Notice to all persons, firms, and corporations asserting a claim for any and all losses, damages, injuries or destruction with respect to which petitioners seek exoneration from or limitation of liability admonishing them to appear and file their respective claims with the Clerk of the Court and serve on the attorney for petitioners a copy thereof on or before the date specified in the Notice or be forever barred and permanently enjoined from making and filing such claims, and also answer under all and singular the allegations of the Complaint.

4. That upon the filing of the Stipulation previously described, the Court issue an Order enjoining and restraining the commencement or prosecution of any action or proceeding of any kind against petitioners, or any of its property with respect to any claim for which petitioners seek exoneration or limitation, including any claim arising out of or in connection with any losses, damages, or destruction resulting from the incident described in the Complaint.

5. That petitioners serve a copy of that Notice and Order on the persons to be so restrained.

6. That the court adjudge and decree that the petitioners and the TUG PETALUMA and BARGE 201 (J5200) are not liable to any extent whatsoever for losses, damages, injuries or destructions, of for any claims whatsoever done, occasioned or incurred as a result of the matters and happenings referred to in this Complaint or in the alternative if petitioners are held liable in any part, its/their liability shall be limited to $1,179,000 plus interest, which is the amount or value of petitioners' interest in the TUG PETALUMA and BARGE 201 (J5200) at the end of the voyage on which the vessels were engaged at the time of said allision, and that petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to be paid as aforesaid be divided pro-rata according to the above mentioned statutes among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled and any rights defendants may have to seek a reduction in such security.

\ \ \

7. That a judgment may be entered discharging petitioners and the TUG PETALUMA and BARGE 201 (J5200) from all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against petitioners or their property as a consequence of on in connection with the matters and happenings referred to in this Complaint.

8. For such other and further relief as may be just and proper.

DATED: December 3, 2007              **LAW OFFICES OF GEORGE W. NOWELL**

By: *Paul B. Arenas* (signature)
PAUL B. ARENAS
Attorneys for JERICO PRODUCTS, INC.
and LIND MARINE, INC.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344