GEORGE W. NOWELL (SBN: 83868)
george.nowell@nowelllaw.com
PAUL B. ARENAS (SBN: 167863)
paul.arenas@nowelllaw.com
JOHN H. CIGAVIC III (SBN: 231806)
john.cigavic@nowelllaw.com
**LAW OFFICES OF GEORGE W. NOWELL**
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Telephone:  (415) 362-1333
Facsimile:  (415) 362-1344
Attorneys for Petitioners JERICO PRODUCTS, INC.
and LIND MARINE, INC.

BRUCE A. BEHRENS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
MICHAEL G. HARRINGTON, Assistant Chief Counsel
BELVIN SMITH
WM. DAVID SULLIVAN (SBN 142881)
595 Market Street, Suite 1700
San Francisco, CA 94120-7444
Telephone: (415) 904-5700
Facsimile:  (415) 904-2333
Attorneys for Claimant
CALIFORNIA DEPARTMENT OF TRANSPORTATION

# THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE COMPLAINT OF JERICO PRODUCTS, INC. and LIND MARINE, INC. AS OWNERS AND/OR OPERATORS OF THE TUG PETALUMA HER ENGINES, TACKLE, APPURTENANCES, AND THE BARGE 201 (J5200), IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>Claimant. | CASE NO.: C07-6175 VRW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:  April 10, 2008<br>TIME:  3:30 P.M.<br>JUDGE:  Vaughn R. Walker<br>COURTROOM:  6, 17th Floor |

Petitioners JERICO PRODUCTS, INC. ("JERICO") and LIND MARINE, INC.

("LIND") (collectively "petitioners"), as owners and/or operators of the TUG PETALUMA and

1 the BARGE 201 (J5200) and the CALIFORNIA DEPARTMENT OF TRANSPORTATION

2 ("respondent", "claimant" or "CALTRANS") jointly submit this Joint Case Management

3 Conference Statement and request that the Court adopt it as its Case Management Order in this

4 case.

5 **1.     JURISDICTION AND SERVICE**

6 This is a case of admiralty and maritime jurisdiction within the provisions of 28 USC

7 §1333 and is an admiralty claim under the meaning of Rule 9(h) under the Federal Rules of Civil

8 Procedure.  More specifically, petitioners have filed this complaint for exoneration from or

9 limitation of liability under The Limitation of Liability Act of 1851 (as amended), 46 U.S.C.

10 30501 et seq. (formerly 46 U.S.C.S. App. § 181 et seq.).

11 Petitioner served the known claimant CALTRANS by hand on February 14, 2008.

12 Petitioner arranged for the publication of the Notice to Claimants in the Napa Valley Register

13 which published said notice for four consecutive weeks on February 9, 13, 20 and 27, 2008.

14 **2.     FACTS**

15 The facts underlying this petition arise out of the allision between the barge J5200 with

16 the eastern side channel downriver fender of the Highway 37 Napa Bridge on or about June 3,

17 2007.  At the time of the incident, the tug "Petaluma" was pushing the lightened barge J5200

18 ahead approaching the bridge when a sailing vessel anchored in the channel forced the barge to

19 maneuver against an ebb tide causing the port side bow of the barge to allide with the bridge

20 fender system damaging a portion of the wood fender.  Neither the tug nor the barge were

21 damaged in the incident; nor were any crewmembers injured.

22 Petitioners' provided CALTRANS with bids/estimates for repairs in September of 2007

23 totaling less than $400,000.  On or about November 14, 2007, CALTRANS undertook, through a

24 contract with Vortex Marine Construction, the repairs to the bridge fender system.  CALTRANS

25 did not use a competitive bid process, but instead granted the contract to Vortex on an alleged

26 emergency basis.  CALTRANS also elected not to rebuild the fender system with like timber, but

27 instead replaced the wood fender with more a more expensive plastic fendering system.  The

28 repair of the fender system was completed on or about March 14, 2008.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P032108-1773

On December 5, 2007, petitioners filed a petition to limit their liability to the value of the vessels. No claims or responses have been received to date. The last day to file a claim is March 24, 2008. Respondent filed its answer and claim on March 24, 2008.

The following factual issues are disputed:

a. Whether petitioners were the proximate cause of all of the repaired damage to the bridge fender system;

b. Whether CALTRANS use of an emergency no-bid contract procedure for the bridge fender repairs was required and is fully compensable as damages recoverable from petitioners;

c. Whether CALTRANS' use of plastic replacement materials was appropriate and is fully compensable without allowance for betterment;

d. The amount of CALTRANS' claimed damages;

e. Whether the charges incurred in repairing the fender system were reasonable and appropriate;

f. Whether CALTRANS property mitigated their damages;

g. Whether there are any claims other than those of CALTRANS;

h. Whether the tug "Petaluma" is a "seagoing vessel";

i. Whether the Incident occurred with privity and knowledge of the owner;

j. Whether the vessels are sea worthy;

k. Whether the vessel crew was competent;

l. whether petitioners vessel had adequate navigational equipment; and

m. whether the tug's crew had adequate officer training;

**3.   LEGAL ISSUES**

a. Whether petitioners are entitled to exoneration or limitation of liability;

b. the amount to which petitioner's liability is limited;

c. Whether claimants are entitled to damages for the repair of the bridge fendering system from the limitation fund;

d. Whether claimant's claim should be reduced because it unnecessarily used an

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P032108-1773

1  emergency no bid procedure increasing the cost of the repairs;

2    e. Whether claimant's claim should be reduced because it unnecessarily used more
3  expensive replacement materials;

4    f. The amount, if any, claimants are entitled to recover for the repair of the bridge
5  fendering system;

6    g. How all of the claims (if any other than those of CALTRANS are filed) inter-
7  relate to the limitation fund;

8    h. Whether JERICO PRODUCTS, INC. as agent for owner LIND MARINE, INC.
9  is entitled to limitation;

10   i. Whether the Incident occurred with privity and knowledge of the owner;

11   j. Whether the tug "Petaluma" is a "seagoing vessel";

12   k Whether the vessels are sea worthy;

13   l. Whether the vessel crew was competent;

14   m. Whether petitioners' vessel had adequate navigational equipment;

15   n. Whether the tug's crew had adequate officer training; and

16   o. Whether CALTRANS is entitled to a jury trial

**4. MOTIONS**

Petitioners intend to file a motion to reduce the amount of the limitation fund to the value of the tug only based upon the "dominant mind" theory. Petitioners also intend to file a motion for summary judgment exonerating them from liability to non-appearing claimants. Respondents anticipate filing a motion to augment the size of the limitation fund and a bifurcation motion. Respondents will petition the court to determine the value of the tug and barge if it is determined they are seagoing vessels.

**5. AMENDMENT OF PLEADINGS**

No amendment to the pleadings is anticipated.

**6. EVIDENCE PRESERVATION**

Petitioners have requested that their clients preserve all documentation related to this claim.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P032108-1773

**7.    DISCLOSURES**

Petitioners have issued their initial disclosures to CALTRANS by the March 27, 2008 deadline and are prepared to complete their initial disclosures to other claimants upon appearance. Respondents will complete their initial disclosures per the code.

**8.    DISCOVERY**

It is petitioners' information and belief that there is no need for a change in the limits on discovery set out in the Federal Rules of Civil Procedure. The parties request a discovery completion date of September 30, 2008.

**9.    CLASS ACTIONS**

Not Applicable.

**10.   RELATED CASES**

None known at this time.

**11.   RELIEF**

Petitioners seek exoneration from or limitation of liability. Respondents seek denial of limitation of liability and payment for the costs of repair of the bridge.

**12.   SETTLEMENT AND ADR**

Petitioners may request that this matter be assigned to a magistrate judge for a settlement conference if an ADR process is considered appropriate by claimants once they appear.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Petitioners do not consent to the assignment of this matter to a Magistrate Judge for all purposes.

**14.   OTHER REFERENCES**

None.

**15.   NARROWING OF ISSUES**

The issues of the amount, if any, CALTRANS may be entitled to with regard to the repairs of the bridge fendering system may be streamlined upon the production of all materials related to the reason for the emergency no bid procedure and the constructions records.

\ \ \

P032108-1773

**16.    EXPEDITED SCHEDULE**

The present parties will discuss methods of streamlining the issues in dispute for possible streamlined presentation.

**17.    SCHEDULING**

The parties suggest the following tentative schedule (subject to input from claimants that have yet to appear):

| | |
|---|---|
| Last Day to Designate Experts: | November 1, 2008 |
| Last Day to Complete Discovery: | September 30, 2008 |
| Last Day to Hear Dispositive Motions: | December 1, 2008 |
| Pre-Trial Conference: | mid January, 2009 |
| Trial Date: | mid February, 2009 |

**18.    TRIAL**

Petitioners request a bench trial date mid February, 2009 and anticipate that it will last 4 to 5 days.  Respondent requests a jury trial date in mid February 2009.  Respondent anticipates a 5 to 7 day estimate.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS**

The parties have filed their "Certification of Interested Entities or Persons" and they are as follows:

1.    JERICO PRODUCTS, INC., owners of named vessels;

2.    LIND MARINE, INC., operators of named vessels;

3.    Barge J5200, vessel;

4.    Tug PETALUMA, vessel;

5.    International Marine Underwriters, insurers of petitioners;

6.    Starr Marine of California Insurance Agency, insurers of petitioners;

7.    AIG Global Marine and Energy, insurers of petitioners;

8.    California Department of Transportation, Owner of the Napa River Bridge;

\ \ \

\ \ \

1  **20.    OTHER MATTERS**

2      None known at this time.

3  DATED:   March 27, 2008              **LAW OFFICES OF GEORGE W. NOWELL**

                                        By:  /S/_____
                                             PAUL B. ARENAS
                                             Attorneys for JERICO PRODUCTS, INC.
                                             and LIND MARINE, INC.

   DATED:   March 27, 2008              **CALIFORNIA DEPARTMENT OF**
                                        **TRANSPORTATION**

                                        By:  /S/_____
                                             WM. DAVID SULLIVAN
                                             Attorneys for CALIFORNIA DEPARTMENT OF
                                             TRANSPORTATION

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

7

JOINT CASE MANAGEMENT CONFERENCE STATEMENT (C07-6175 VRW)

P032108-1773