GEORGE W. NOWELL (SBN: 83868)
PAUL B. ARENAS (SBN: 167863)
JOHN H. CIGAVIC III (SBN: 231806)
**LAW OFFICES OF GEORGE W. NOWELL**
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Telephone: (415) 362-1333
Facsimile: (415) 362-1344
Attorneys for Petitioners and Defendants
JERICO PRODUCTS, INC.
and LIND MARINE, INC.

**THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| IN RE COMPLAINT OF JERICO PRODUCTS, INC. and LIND MARINE, INC. AS OWNERS AND/OR OPERATORS OF THE TUG PETALUMA HER ENGINES, TACKLE, APPURTENANCES, AND THE BARGE 201 (J5200), IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>Claimant. | CASE NO.: 07-CV-06175 VRW<br><br>**ANSWER TO CALIFORNIA DEPARTMENT OF TRANSPORTATION'S COMPLAINT** |
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Department of Transportation,<br><br>Plaintiffs,<br><br>v.<br><br>JERICO PRODUCTS, INC. and LIND MARINE, INC. AS OWNERS AND/OR OPERATORS OF THE TUG PETALUMA AND BARGE 201 (J5200) in personam; TUG PETALUMA AND BARGE 201 (J5200), their engines, tackle, equipment, appurtenances, freights and cargo In Rem,<br><br>Defendants. | |

COMES NOW PETITIONERS AND DEFENDANTS JERICO PRODUCTS, INC. and LIND MARINE, INC. ("defendants") and answering plaintiffs The People of the State of California acting by and through the Department of Transportation ("CALTRANS" or "plaintiffs") complaint for allision damage on file herein admits, denies and alleges on information and belief as follows:

CALTRANS's unnumbered opening paragraphs make legal conclusions as to jurisdiction and venue and as such do not require an answer herein. To the extent said paragraphs assert facts, defendants are without sufficient information or belief to admit or deny the allegations of said paragraph and on that basis deny all and singular the allegations therein.

1. Answering paragraph 1, on information and belief defendants are without sufficient information or belief to admit or deny the allegations of said paragraph and on that basis deny all and singular the allegations therein.

2. Answering paragraph 2, defendants admit the TUG PETALUMA and BARGE 201 (J5200) were and are a tug and barge engaged in commerce on navigable waters of the United States and that said tug and barge now are or during the pendency of this action will be lying afloat on waters within the jurisdiction of this Honorable Court. Except as so admitted defendants deny all and singular the remaining allegations therein.

3. Answering paragraph 3, defendants admit the allegations therein.

4. Answering paragraph 4, defendants admit the TUG PETALUMA and BARGE 201 (J5200) are now or will be during the pendency of this action within the jurisdiction of this Court. Except as so admitted defendants deny all and singular the remaining allegations therein.

5. Answering paragraph 5, defendants admit that on or about June 3, 2007, while the TUG PETALUMA and the BARGE J5200 were attempting passage beneath the Highway 37 Napa Bridge, the barge allided with the fender of the Highway 37 Napa Bridge causing damage to the fender. Except as so admitted defendants deny all and singular the remaining allegations therein.

6. Answering paragraph 6, defendants deny the allegations therein.

7. Answering paragraph 7, defendants deny the allegations therein.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P040408-1773

1   8. Answering paragraph 8, defendants admit the Highway 37 Napa Bridge fender was damaged. Except as so admitted defendants deny all and singular the remaining allegations therein.

9. Answering paragraph 9, defendants are without sufficient information or belief to admit or deny the allegations of said paragraph and on that basis deny all and singular the allegations therein.

10. Answering paragraph 10, defendants admit that this action is within the admiralty and maritime jurisdiction of the United States and of this Court. Except as so admitted defendants deny all and singular the remaining allegations therein.

## AFFIRMATIVE DEFENSES

11. In stating its affirmative defenses, defendants refer to its/their responses to paragraphs 1 through 10 of plaintiff's complaint, inclusive, and by this reference incorporate the same herein as if set forth in full.

### FIRST AFFIRMATIVE DEFENSE

12. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state facts sufficient to constitute a cause or causes of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

13. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that plaintiffs failed to take such steps or took such steps that plaintiffs' damages, if any there were, were not mitigated or were increased as the result of plaintiffs' conduct.

### THIRD AFFIRMATIVE DEFENSE

14. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that they are liable only for that portion of the damages, if any, which corresponds to defendants' respective degree of fault or responsibility, if any, and defendants are not liable for damage attributable to the responsibility, negligence or fault of any other party or third person or persons.

\ \ \

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

#### FOURTH AFFIRMATIVE DEFENSE

15. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that plaintiffs were themselves negligent and careless in and about the matters complained of in said complaint, and that said negligence and carelessness proximately contributed to the damages complained of, if any there were, and plaintiffs' right to recover, if any, is thereby proportionately reduced.

#### FIFTH AFFIRMATIVE DEFENSE

16. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that the damages complained of herein by plaintiffs, if any, were caused by acts and omissions of persons or entities other than these responding defendants.

#### SIXTH AFFIRMATIVE DEFENSE

17. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege, that plaintiffs' delay in taking any affirmative action for relief, has resulted in a waiver of its right to bring this action.

#### SEVENTH AFFIRMATIVE DEFENSE

18. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that plaintiffs' delay in taking the affirmative action of seeking relief has resulted in prejudice to defendants and as such plaintiffs should be estopped for not exercising rights upon which it unreasonably sat.

#### EIGHTH AFFIRMATIVE DEFENSE

19. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that its/their conduct was not the cause in fact or the proximate cause of any or all of the losses alleged in the complaint.

#### NINTH AFFIRMATIVE DEFENSE

20. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that they are not liable for the events and occurrences described in the complaint and if defendants are found liable or in any manner responsible to plaintiffs or anyone else as a result of the incidents described in said complaint, defendants are entitled to complete, partial and/or

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P040408-1773

1 comparative indemnity from the plaintiffs, their agents, or assigns or from other parties, third
2 person or persons.

### TENTH AFFIRMATIVE DEFENSE

21. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that the damages, if any, referred to in plaintiffs' complaint which are specifically denied, pre-existed the incident alleged in the complaint in whole or in part, and plaintiffs cannot recover damages for its pre-existing damage from these answering defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

22. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that the condition of the TUG PETALUMA and/or the BARGE J5200 at all times relevant to this action was not the cause in fact or the proximate cause of plaintiffs' alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

23. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that they are entitled to a limitation of liability under the Limitation of Liability Act of 1851 (as amended), 46 U.S.C. §30501 et seq. (formerly 46 U.S.C. App. §181 et seq.) for any and all claims arising out of the incident alleged in the complaint and any liability to plaintiffs will be limited by said Act and plaintiffs' complaint and claims shall be subject to its limits, rules and procedures.

### THIRTEENTH AFFIRMATIVE DEFENSE

24. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that the bridge fendering system was an obstruction to navigation as constructed and was a cause in fact, contributory cause and/or a proximate cause of the allision and resulting damage.

### FOURTEENTH AFFIRMATIVE DEFENSE

25. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that the bridge fendering system was not properly permitted and/or not constructed in accordance with any and all required permits.

### FIFTEENTH AFFIRMATIVE DEFENSE

26. AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

1  allege that plaintiffs have failed to join necessary and indispensible parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

27.    AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to set out his claims with sufficient particularity to permit the defendants to raise all appropriate defenses.  Defendants reserve their right to add additional defenses as the factual basis for these claims becomes known.

## **PRAYER FOR RELIEF**

WHEREFORE, defendants JERICO PRODUCTS, INC. and LIND MARINE, INC. pray that plaintiffs take nothing by reason of its complaint, and each cause of action thereof, and that the same be dismissed with prejudice, for defendants' costs of suit incurred herein, including all recoverable attorney's fees and for such other and further relief as this Court may deem just and proper in the premises.

DATED: April 16, 2008              **LAW OFFICES OF GEORGE W. NOWELL**

By:   /S/_____
      PAUL B. ARENAS
      Attorneys for Petitioners and Defendants
      JERICO PRODUCTS, INC.
      and LIND MARINE, INC.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344